IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STARSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>COREPHP, LLC,<br><br>    Defendant.<br>_____/ | No. C 11-03740 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND ORDERING DEFENDANT TO SERVE PLAINTIFF** |

Plaintiff Edward Starski, proceeding pro se, has filed a motion to dismiss defendant corePHP's counterclaim, based on inadequate service under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff's motion to dismiss is currently scheduled for hearing on July 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, plaintiff's motion is DENIED and defendant is ORDERED to promptly serve plaintiff with its counterclaim.

**BACKGROUND**

Plaintiff Starski filed a complaint on July 29, 2011, against corePHP, alleging breach of contract, loss of revenue, and monetary loss. Compl., Dkt. 1 ¶¶ 14-19. Plaintiff filed a concurrent motion for leave to proceed in forma pauperis ("IFP Motion"). Pl's. Mot. for Leave, Dkt. 3. Magistrate Judge Vadas dismissed plaintiff's IFP Motion without prejudice because plaintiff had failed to sign a necessary

document. Order Denying IFP, Dkt. 5. Plaintiff subsequently corrected this error and submitted an amended motion seeking IFP status. On September 30, while the IFP Motion was still pending, plaintiff entered a Declination to Proceed Before a Magistrate Judge, and the case was assigned to this Court.

On November 23, 2011, defendant submitted a reply and two declarations in opposition to plaintiff's IFP Motion. This Court entered an Order to Show Cause on November 29, which required plaintiff to submit a supplemental affidavit declaring all his assets, or alternatively pay the $350 filing fee. Plaintiff submitted an affidavit declaring his assets, and this Court granted his IFP Motion on December 21, 2011.

On March 30, 2012, defendant filed a timely answer to plaintiff's complaint, as well as a compulsory counterclaim ("Counterclaim") pursuant to Fed. R. Civ. P. Rule 13(a)(1)(A) and (B). On June 6, 2012, plaintiff filed this motion to dismiss defendant's counterclaim for insufficient service of process. Defendant opposes plaintiff's motion to dismiss, and plaintiff filed a reply on June 29, 2012.

**DISCUSSION**

Plaintiff moves to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. Rule 12(b)(5). Mot. Dis., Dkt. 27. Plaintiff alleges that as of June 5, 2012, he had not been served nor otherwise made aware of defendant's counterclaim, but rather discovered it while viewing the Court's docket regarding a separate matter. Starski Decl. ¶ 2-3. Plaintiff asserts that defendant's failure to serve him with a copy of the counterclaim warrants dismissal of defendant's counterclaim.

In opposition, defendant asserts that this action was designated for participation in the Court's Electronic Case Filing system ("ECF") under General Order No. 45 Sec. IV. Def. Opp., Dkt. 29 at 4. Defendant argues that because of this designation, Sec. IX (B), "Service of Electronically Filed Documents," applies in this case. *Id.* Section IX (B) states that the automatically generated emails alerting parties registered with ECF of new filings will "constitute service of process to an attorney or other persons in a case subject to ECF." Therefore, defendant argues, plaintiff has been effectively served via the ECF system. *See* Def. Opp. at 4.

The Court finds that plaintiff, as a pro se litigant, is not an ECF registrant, and therefor defendant

applied the wrong rule regarding the manner in which it was obliged to serve him. Under the electronic filing rules of the Northern District of California, pro se litigants are presumptively excluded from the ECF system and must make all filings in paper. In order to obtain access to ECF, a pro se litigant must petition the Court for permission to file electronically. *See, E-Filing Registration Instructions for Pro Se Litigants* (Jun. 26, 2012, 10:07am) http://www.cand.uscourts.gov/ECF/proseregistration. Plaintiff has not moved the Court to file electronically, and indeed has not filed any papers in this case without the assistance of Court staff. Under General Order 45, for non-ECF users such as plaintiff, defendant is obliged to serve plaintiff with a paper copy of all filings:

> In an action subject to ECF, when service of a document ... is required to be made upon a person who is not a registered ECF user, a paper copy of the document shall be served on the person.

General Order 45 Sec. IX(C)(2). Under General Order 45, defendant should have served plaintiff with a paper copy of the counterclaim at the same time it was filed with ECF.

The Court finds it is within its discretion to cure defendant's error by requiring proper service at this time. Therefor, the Court hereby DENIES plaintiff's motion to dismiss and ORDERS defendant to properly serve plaintiff with a paper copy by mail within 10 days of the date of this order.[1]

**IT IS SO ORDERED.**

Dated: July 2, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed an objection on June 20, 2012, regarding the admissibility of certain facts alleged in Hollman's Declaration. The Court does not rely on that evidence and therefore need not reach plaintiff's objections at this time.

3