**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD STARSKI,

        Plaintiff,

   v.

COREPHP, LLC,

        Defendant.

                                /

No. C 11-03740 SI

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND ORDERING DEFENDANT TO SERVE PLAINTIFF**

Plaintiff Edward Starski, proceeding pro se, has filed a motion to dismiss defendant corePHP's counterclaim, based on inadequate service under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff's motion to dismiss is currently scheduled for hearing on July 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, plaintiff's motion is DENIED and defendant is ORDERED to promptly serve plaintiff with its counterclaim.

**BACKGROUND**

Plaintiff Starski filed a complaint on July 29, 2011, against corePHP, alleging breach of contract, loss of revenue, and monetary loss. Compl., Dkt. 1 ¶¶ 14-19. Plaintiff filed a concurrent motion for leave to proceed in forma pauperis ("IFP Motion"). Pl's. Mot. for Leave, Dkt. 3. Magistrate Judge Vadas dismissed plaintiff's IFP Motion without prejudice because plaintiff had failed to sign a necessary

**United States District Court**
For the Northern District of California

1    document.  Order Denying IFP, Dkt. 5.  Plaintiff subsequently corrected this error and submitted an

2    amended motion seeking IFP status.  On September 30, while the IFP Motion was still pending, plaintiff

3    entered a Declination to Proceed Before a Magistrate Judge, and the case was assigned to this Court.

4

5    On November 23, 2011, defendant submitted a reply and two declarations in opposition to

6    plaintiff's IFP Motion.  This Court entered an Order to Show Cause on November 29, which required

7    plaintiff to submit a supplemental affidavit declaring all his assets, or alternatively  pay the $350 filing

8    fee.  Plaintiff submitted an affidavit declaring his assets, and this Court granted his IFP Motion on

9    December 21, 2011.

10    On March 30, 2012, defendant filed a timely answer to plaintiff's complaint, as well as a

11    compulsory counterclaim ("Counterclaim") pursuant to Fed. R. Civ. P. Rule 13(a)(1)(A) and (B).  On

12    June 6, 2012, plaintiff filed this motion to dismiss defendant's counterclaim for insufficient service of

13    process.  Defendant opposes plaintiff's motion to dismiss, and plaintiff filed a reply on June 29, 2012.

14

15                                              **DISCUSSION**

16    Plaintiff moves to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. Rule

17    12(b)(5).  Mot. Dis., Dkt. 27.  Plaintiff alleges that as of June 5, 2012, he had not been served nor

18    otherwise made aware of defendant's counterclaim, but rather discovered it while viewing the Court's

19    docket regarding a separate matter.  Starski Decl. ¶ 2-3.  Plaintiff asserts that defendant's failure to serve

20    him with a copy of the counterclaim warrants dismissal of defendant's counterclaim.

21    In opposition, defendant asserts that this action was designated for participation in the Court's

22    Electronic Case Filing system ("ECF") under General Order No. 45 Sec. IV.  Def. Opp., Dkt. 29 at 4.

23    Defendant argues that because of this designation, Sec. IX (B), "Service of Electronically Filed

24    Documents," applies in this case.  *Id.*  Section IX (B) states that the automatically generated emails

25    alerting parties registered with ECF of new filings will "constitute service of process to an attorney or

26    other persons in a case subject to ECF."  Therefore, defendant argues, plaintiff has been effectively

27    served via the ECF system.  *See* Def. Opp. at 4.

28    The Court finds that plaintiff, as a pro se litigant, is not an ECF registrant, and therefor defendant

2

1  applied the wrong rule regarding the manner in which it was obliged to serve him.  Under the electronic

2  filing rules of the Northern District of California, pro se litigants are presumptively excluded from the

3  ECF system and must make all filings in paper.  In order to obtain access to ECF, a pro se litigant must

4  petition the Court for permission to file electronically.  *See, E-Filing Registration Instructions for Pro*

5  *Se Litigants* (Jun. 26, 2012, 10:07am)  http://www.cand.uscourts.gov/ECF/proseregistration.  Plaintiff

6  has not moved the Court to file electronically, and indeed has not filed any papers in this case without

7  the assistance of Court staff.  Under General Order 45, for non-ECF users such as plaintiff, defendant

8  is obliged to serve plaintiff with a paper copy of all filings:

9         In an action subject to ECF, when service of a document ... is required to be made upon
          a person who is not a registered ECF user, a paper copy of the document shall be served
10        on the person.

11  General Order 45 Sec. IX(C)(2).  Under General Order 45, defendant should have served plaintiff with

12  a paper copy of the counterclaim at the same time it was filed with ECF.

13        The Court finds it is within its discretion to cure defendant's error by requiring proper service

14  at this time.  Therefor, the Court hereby DENIES plaintiff's motion to dismiss and ORDERS defendant

15  to properly serve plaintiff with a paper copy by mail within 10 days of the date of this order.[1]

16

17

18        **IT IS SO ORDERED.**

19  Dated: July 2, 2012                                    SUSAN ILLSTON
20                                                         UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28        [1]  Plaintiff filed an objection on June 20, 2012, regarding the admissibility of certain facts
    alleged in Hollman's Declaration.  The Court does not rely on that evidence and therefore need not reach
    plaintiff's objections at this time.

3

United States District Court
For the Northern District of California